ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 1 4 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:11-CR-239-CAP-ECS |
| ADRIAN MARTINEZ-MONTANEZ (01), | : | |
| a/k/a Alex, | : | (SUPERSEDING) |
| ROBERTO PEREZ-MENDOZA (02), | : | |
| a/k/a Carlos, | : | |
| FRANKLIN ALVARADO-MEJIA (03), | : | |
| a/k/a Frankie, | : | |
| MARVIN EDLEMAN RODAS-PEREZ (04) | : | |
| a/k/a Marvin, | : | |
| LUIS ALBERTO HERNANDEZ- | : | |
| MEJIA (05), | : | |
| AMADO ERIVES-MONTES (06), | : | |
| JAVIER COLON-HERNANDEZ (07), | : | |
| a/k/a Cabo, | : | |
| CARLOS MORALES (08), | : | |
| WILSON TEJADA (09), | : | |
| FATIMA VASQUEZ (10), | : | |
| JESUS MANUEL SANDOVAL (11) , | : | |
| MARIA MADRIZ-HERNANDEZ (12), | : | |
| a/k/a Sandra, | : | |
| SAMANTHA SEPULVEDA-MADRIZ (13) | : | |
| RAUL VALENCIA (14), | : | |
| JOSE VALENCIA (15), | : | |
| a/k/a Cobo, | : | |
| MARTIN AYALA-CASTENEDA (16), | : | |
| FAUSTO BUENO-ALVAREZ (17), | : | |
| a/k/a Gordo, | : | |
| FELIX JOSE VARGAS (18), | : | |

CELEDONIO VICTOR ESTRADA (19),  :
 a/k/a Chaparro,  :
JOSE VARGAS (20),  :
 a/k/a Mayate,  :
PEDRO PABLO GOMEZ-RIVERO (21),  :
 a/k/a Trucha,  :
MANUEL ZUNIGA (22),  :
 a/k/a Bebe,  :
JOSE SANCHEZ-VALENCIA (23),  :
GEOVANY MARTINEZ-VARGAS (24),  :
SONIA SANCHEZ (25),  :
CARMEN BARBOSA MENDOZA (26),  :
 a/k/a Maricarmen Mendoza-  :
 Cardenes,  :
MARIA DEL ROSARIO  :
 DIAZ-GARCIA (27),  :
 a/k/a Chayo,  :
DESIREE FRAGOZA (28),  :
 a/k/a Gorda,  :
TOMAR SHAW (29),  :
 a/k/a Jay,  :
DAVID SANCHEZ (30),  :
VICTOR MANUEL  :
 ANGUIANO-GUTIERREZ (31),  :
 a/k/a Juan Castinanda,  :
 a/k/a Brujo,  :
RUDY VALENCIA (32), and  :
ROBERTO LOPEZ-MARTINEZ (33),  :
 a/k/a Nicolas Sanchez.  :

THE GRAND JURY CHARGES THAT:

## COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least by in or about

June 2009, and until on or about the date of this Indictment, in the Northern District

of Georgia and elsewhere, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex,
ROBERTO PEREZ-MENDOZA,
a/k/a Carlos,
FRANKLIN ALVARADO-MEJIA,
a/k/a Frankie,
MARVIN EDLEMAN RODAS-PEREZ,
a/k/a Marvin,
LUIS ALBERTO HERNANDEZ-MEJIA,
JAVIER COLON-HERNANDEZ,
a/k/a Cabo,
CARLOS MORALES,
WILSON TEJADA,
JESUS MANUEL SANDOVAL,
MARIA MADRIZ-HERNANDEZ,
a/k/a Sandra, and
SAMANTHA SEPULVEDA MADRIZ,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

## COUNT TWO

Beginning on a date unknown to the Grand Jury, but at least by in or about January 2010, and until on or about June 8, 2011, in the Northern District of Georgia and elsewhere, the defendants,

MARIA MADRIZ-HERNANDEZ,
a/k/a Sandra,
SAMANTHA SEPULVEDA-MADRIZ,
RAUL VALENCIA,
JOSE VALENCIA, a/k/a Cobo,
MARTIN AYALA-CASTENEDA,
FAUSTO BUENO-ALVAREZ,
a/k/a Gordo,
FELIX JOSE VARGAS,
CELEDONIO VICTOR ESTRADA,
a/k/a Chaparro,
JOSE VARGAS,
a/k/a Mayate,
MANUEL ZUNIGA,
a/k/a Bebe,
JOSE SANCHEZ-VALENCIA:
GEOVANY MARTINEZ-VARGAS,
SONIA SANCHEZ,
MARIA DEL ROSARIO DIAZ-GARCIA,
a/k/a Chayo,
TOMAR SHAW,
a/k/a Jay,
DAVID SANCHEZ,
VICTOR MANUEL ANGUIANO-GUTIERREZ,
a/k/a Juan Castinanda,
a/k/a Brujo,
RUDY VALENCIA, and
ROBERTO LOPEZ-MARTINEZ,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, said conspiracy involving at least one thousand (1,000) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii) and (vii).

## COUNT THREE

Beginning on a date unknown to the Grand Jury, but at least by in or about September 2009, and until at least by in or about April 2010, in the Northern District of Georgia and elsewhere, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex, and
FATIMA VASQUEZ,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

(a) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, which was proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that

is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part,

(1) to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity; and

(2) to avoid a transaction reporting requirement under Federal law; in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

Beginning on a date unknown to the Grand Jury, but at least by in or about January 2010, and until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

SONIA SANCHEZ,
CARMEN BARBOSA MENDOZA,
a/k/a Maricarmen Mendoza-Cardenes,
MARIA DEL ROSARIO DIAZ-GARCIA,
a/k/a Chayo, and
DESIREE FRAGOZA,
a/k/a Gorda,

did knowingly combine, conspire, confederate, agree and have a tacit understanding

with each other and others known and unknown to the Grand Jury, to commit certain

offenses under Title 18, United States Code, Section 1956 as follows:

(a)     to transport, transmit, and transfer, and attempt to transport, transmit,

and transfer funds and a monetary instrument, that is, United States

Currency, from a place in the United States, that is, Atlanta, Georgia, to

and through a place outside the United States, that is, Mexico, with the

intent to promote the carrying on of specified unlawful activity, that is,

the felonious manufacture, importation, receiving, concealment, buying,

selling and otherwise dealing in a controlled substance punishable under

a law of the United States, in violation of Title 18, United States Code,

Section 1956(a)(2)(A); and

(b)     to transport, transmit, and transfer, and attempt to transport, transmit,

and transfer funds and a monetary instrument, that is, United States

Currency, which was proceeds of specified unlawful activity, that is, the

felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part,

    (1)    to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity; and

    (2)    to avoid a transaction reporting requirement under Federal law; in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).

Beginning on a date unknown to the Grand Jury, but at least by in or about January 2010, and until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

RAUL VALENCIA,
MARIA DEL ROSARIO DIAZ-GARCIA,
a/k/a Chayo,
PEDRO PABLO GOMEZ-RIVERO,
a/k/a Trucha,
MANUEL ZUNIGA,
a/k/a Bebe, and
MARTIN AYALA-CASTENEDA,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

(a)     to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under

a law of the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, which was proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part,

  (1) to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity; and

      (2)      to avoid a transaction reporting requirement under Federal

law; in violation of Title 18, United States Code, Section

1956(a)(2)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).


## COUNT SIX

On or about April 3, 2011, in the Northern District of Georgia, the defendants,

RAUL VALENCIA,
JOSE VALENCIA,
a/k/a Cobo,
FELIX JOSE VARGAS,
CELEDONIO VICTOR ESTRADA,
a/k/a Chaparro,
JOSE VARGAS,
a/k/a Mayate, and
MARIA DEL ROSARIO DIAZ-GARCIA,
a/k/a Chayo,

aided and abetted by each other and others known and unknown, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance,

said act involving at least five (5) kilograms of a mixture and substance containing

a detectable amount of cocaine, a Schedule II controlled substance, all in violation of

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18,

United States Code, Section 2.

## COUNT SEVEN

On or about February 8, 2011, in the Northern District of Georgia, the defendants,

RAUL VALENCIA,
MARTIN AYALA-CASTENEDA, and
FAUSTO BUENO-ALVAREZ,
a/k/a Gordo,

aided and abetted by each other and others known and unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at least one hundred (100) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

## COUNT EIGHT

On or about October 8, 2010, in the Northern District of Georgia, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex, and
ROBERTO PEREZ-MENDOZA,
a/k/a Carlos,

aided and abetted by each other and others known and unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT NINE

On or about September 13, 2010, in the Northern District of Georgia, the defendants,

RAUL VALENCIA,
MARIA MADRIZ-HERNANDEZ,
a//k/a Sandra,
SAMANTHA SEPULVEDA-MADRIZ,
MARTIN AYALA-CASTENEDA, and
FAUSTO BUENO-ALVAREZ,
a/k/a Gordo,

aided and abetted by each other and others known and unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing

a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT TEN

On or about September 8, 2010, in the Northern District of Georgia, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex,
ROBERTO PEREZ-MENDOZA,
a/k/a CARLOS,
MARVIN EDLEMAN RODAS-PEREZ, and
LUIS ALBERTO HERNANDEZ-MEJIA,

aided and abetted by each other and others known and unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about June 3, 2010, in the Northern District of Georgia, the defendants,

RAUL VALENCIA,
SONIA SANCHEZ,
MANUEL ZUNIGA,
a/k/a Bebe,
JOSE SANCHEZ-VALENCIA, and
GEOVANY MARTINEZ-VARGAS,

aided and abetted by each other and others known and unknown, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance,

said act involving at least one hundred (100) kilograms of a mixture and substance

containing a detectable amount of marijuana, a Schedule I controlled substance, all

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii),

and Title 18, United States Code, Section 2.

## COUNT TWELVE

On or about May 3, 2010, in the Northern District of Georgia, the defendant,

DAVID SANCHEZ,

aided and abetted by others unknown, did knowingly and intentionally distribute and

possess with intent to distribute a controlled substance, said act involving at least one

hundred (100) kilograms of a mixture and substance containing a detectable amount

of marijuana, a Schedule I controlled substance, all in violation of Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States

Code, Section 2.

## COUNT THIRTEEN

On or about November 7, 2009, in the Northern District of Georgia, the

defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex,
ROBERTO PEREZ-MENDOZA,
a/k/a CARLOS,
AMADO ERIVES-MONTES,
FRANKLIN ALVARADO-MEJIA,
a/k/a Frankie, and
JAVIER COLON-HERNANDEZ,
a/k/a Cabo,

aided and abetted by each other and others known and unknown, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance,

said act involving at least five (5) kilograms of a mixture and substance containing

a detectable amount of cocaine, a Schedule II controlled substance, all in violation of

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18,

United States Code, Section 2.

## COUNT FOURTEEN

On or about September 22, 2009, in the Northern District of Georgia, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a Alex,
ROBERTO PEREZ-MENDOZA,
a/k/a CARLOS,
FRANKLIN ALVARADO-MEJIA,
a/k/a Frankie, and
JESUS MANUEL SANDOVAL,

aided and abetted by each other and others known and unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

On or about February 24, 2011, in the Northern District of Georgia, the defendants,

RAUL VALENCIA,
MARIA DEL ROSARIO DIAZ-GARCIA,
a/k/a Chayo,
PEDRO PABLO GOMEZ-RIVERO,
a/k/a Trucha,
MANUEL ZUNIGA,
a/k/a Bebe, and
MARTIN AYALA-CASTENEDA,

aided and abetted by each other and others known and unknown, did knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, which was proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part, to

conceal and disguise the nature, location, source, ownership, and control of proceeds

of said unlawful activity, all in violation of Title 18, United States Code, Section

1956(a)(2)(B)(i), and Title 18, United States Code, Section 2.


## COUNT SIXTEEN

On or about March 23, 2010, in the Northern District of Georgia, the

defendant,

**CARMEN BARBOSA MENDOZA,**
a/k/a Maricarmen Mendoza-Cardenes,

aided and abetted by others known and unknown, did knowingly and intentionally

transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds

and a monetary instrument, that is, United States Currency, which was proceeds of

specified unlawful activity, that is, the felonious manufacture, importation, receiving,

concealment, buying, selling and otherwise dealing in a controlled substance

punishable under a law of the United States, from a place in the United States, that

is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico,

and that while conducting and attempting to conduct such financial transaction, knew

that the property involved in the financial transaction represented the proceeds of

some form of unlawful activity, and knowing that such transportation, transmission

and transfer was designed in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

On or about November 4, 2009, in the Northern District of Georgia, the defendants,

ADRIAN MARTINEZ-MONTANEZ,
a/k/a ALEX, and
FATIMA VASQUEZ,

aided and abetted by each other and others known and unknown, did knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States Currency, which was proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, that is, Atlanta, Georgia, to and through a place outside the United States, that is, Mexico, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

On or about June 8, 2011, in the Northern District of Georgia, the defendant,

### ROBERTO LOPEZ-MARTINEZ,

aided and abetted by others unknown, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, said act involving at less than fifty (50) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT NINETEEN

On or about June 8, 2011, in the Northern District of Georgia, the defendant,

### ROBERTO LOPEZ-MARTINEZ,

knowingly possessed a firearm, that is, one Taurus Ultra Lite .38 caliber handgun, with ammunition, bearing serial number AR49820, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in Counts Two and Eighteen of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(I).

## FORFEITURE PROVISION

1.     Upon conviction of the controlled substance offenses alleged in Counts One, Two, and Six through Fourteen of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21 United States Code Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

A.     MONEY JUDGMENT:

(1)     A sum of money in United States Currency, representing the amount of proceeds obtained as a result of the offense.

B.   REAL PROPERTY:

(1)   3309 FIELDWOOD DRIVE, SMYRNA, COBB COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

All that tract or parcel of land lying and being in Land Lot 629 of the 17th District, 2nd Section, Cobb County, Georgia, being Lot 53, Heritage at Vinings Subdivision, Phase V, as per Plat thereof recorded in Plat Book 178, Page 22, Cobb County Records, said Plat being incorporated herein by reference thereto.

(2)   5481 DOUBLE BRIDGE ROAD, ELLENWOOD, CLAYTON COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

All that tract or parcel of land lying and being in Land Lot 170 of the 12th District of Clayton County, Georgia and being more particularly described as follows:

BEGINNING at an iron pin located on the northwesterly side of Double Bridge Road (an 80 foot right of way) 717.25 feet southerly and southwesterly as measured along the westerly and northwesterly sides of Double Bridge Road, from the point of intersection of the westerly side of Double Bride Road and the north line of said Land Lot 170 (which is also the south line of Land Lot 183); thence running southwesterly along the northwesterly side of Double Bridge Road, 182 feet to an iron pin; thence north 72 degrees, 23', 22" west 459.2 feet to an iron pin; thence north 2 degrees, 16' east 180.53 to an iron pin; thence south 72 degrees, 23', 22" east 533.4 feet to the iron pin located on the northwesterly side of Double Bridge Road and the point of Beginning.

C.   CASH:

    (1)   $279,001.00 in United States currency seized on April 6, 2011.

    (2)   $14,240.00 in United States currency seized on April 12, 2011.

    (3)   $27,040.00 in United States currency seized on March 15, 2011.

    (4)   $95,985.00 in United States currency seized on September 10, 2010.

D.   FIREARMS:

    (1)   one Raven MP-25 rifle, SN 987098.

    (2)   one Spikes Tactical AR-15 rifle, SN RM-8696, and 6 magazines.

    (3)   one Norinco Mak-90 Sporter rifle, SN 9467920, and 3 magazines.

    (4)   one Cobray M-11 9mm pistol, SN 94-0051839, and 5 magazines.

Additionally, upon conviction of one or more of the money laundering offenses alleged in Counts Three through Five and Fifteen through Seventeen of this Indictment, in violation of Title 18, United States Code, Section 1956, the defendants shall forfeit to the United States any and all property, real or personal, involved in such offenses and all property traceable to such offenses, pursuant to Title 18, United States Code, Section 982(a)(1), including but not limited to the following:

A.   MONEY JUDGMENT:

    (1)   A sum of money in United States currency equal to the total value of property involved in each offense for which the defendants are liable. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

B.   REAL PROPERTY:

    (1)   3309 FIELDWOOD DRIVE, SMYRNA, COBB COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

All that tract or parcel of land lying and being in Land Lot 629 of the 17th District, 2nd Section, Cobb County, Georgia, being Lot 53, Heritage at Vinings Subdivision, Phase V, as per Plat thereof recorded in Plat Book 178, Page 22, Cobb County Records, said Plat being incorporated herein by reference thereto.

    (2)   5481 DOUBLE BRIDGE ROAD, ELLENWOOD, CLAYTON COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

All that tract or parcel of land lying and being in Land Lot 170 of the 12th District of Clayton County, Georgia and being more particularly described as follows:

BEGINNING at an iron pin located on the northwesterly side of Double Bridge Road (an 80 foot right of way) 717.25 feet southerly and southwesterly as measured along the westerly and northwesterly sides of Double Bridge Road, from the point of intersection of the westerly side of Double Bride Road and the north line of said Land Lot 170 (which is also the south line of Land Lot 183); thence running southwesterly along the northwesterly side of Double Bridge Road, 182 feet to an iron pin; thence north 72 degrees, 23', 22" west 459.2 feet to an iron pin; thence north 2 degrees, 16' east 180.53 to an iron pin; thence

south 72 degrees, 23', 22" east 533.4 feet to the iron pin located on the northwesterly side of Double Bridge Road and the point of Beginning.

C.    CASH:

    (1)    $279,001.00 in United States currency seized on April 6, 2011.

    (2)    $14,240.00 in United States currency seized on April 12, 2011.

    (3)    $27,040.00 in United States currency seized on March 15, 2011.

    (4)    $95,985.00 in United States currency seized on September 10, 2010.

D.    FIREARMS:

    (1)    one Raven MP-25 rifle, SN 987098.

    (2)    one Spikes Tactical AR-15 rifle, SN RM-8696, and 6 magazines.

    (3)    one Norinco Mak-90 Sporter rifle, SN 9467920, and 3 magazines.

    (4)    one Cobray M-11 9mm pistol, SN 94-0051839, and 5 magazines.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendants up to the value of

the forfeitable property described above; all pursuant to Title 21, United States Code,

Section 853 and Title 18, United States Code, Section 982(b).

A ____true____ BILL.

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

LISA W. TARVIN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 574960

MICHAEL V. HERSKOWITZ
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 349515

MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 064437

600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
404/581-6000 (office)
404/581-6171 (fax)