IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL INDICTMENT |
| v. : | |
| : | NO. 1:11-CR-239-CAP-ECS |
| ADRIAN MARTINEZ-MONTANEZ (01), : | |
| a/k/a Alex, : | (SUPERSEDING) |
| ROBERTO PEREZ-MENDOZA (02), : | |
| a/k/a Carlos, : | |
| FRANKLIN ALVARADO-MEJIA (03), : | |
| a/k/a Frankie, : | |
| MARVIN EDLEMAN RODAS-PEREZ (04): | |
| a/k/a Marvin, : | |
| LUIS ALBERTO HERNANDEZ- : | |
| MEJIA (05), : | |
| AMADO ERIVES-MONTES (06), : | |
| JAVIER COLON-HERNANDEZ (07), : | |
| a/k/a Cabo, : | |
| CARLOS MORALES (08), : | |
| WILSON TEJADA (09), : | |
| FATIMA VASQUEZ (10), : | |
| JESUS MANUEL SANDOVAL (11) , : | |
| MARIA MADRIZ-HERNANDEZ (12), : | |
| a/k/a Sandra, : | |
| SAMANTHA SEPULVEDA-MADRIZ (13): | |
| RAUL VALENCIA (14), : | |
| JOSE VALENCIA (15), : | |
| a/k/a Cobo, : | |
| MARTIN AYALA-CASTENEDA (16), : | |
| FAUSTO BUENO-ALVAREZ (17), : | |
| a/k/a Gordo, : | |
| FELIX JOSE VARGAS (18), : | |

| | |
|---|---|
| CELEDONIO VICTOR ESTRADA (19), | : |
| a/k/a Chaparro, | : |
| JOSE VARGAS (20), | : |
| a/k/a Mayate, | : |
| PEDRO PABLO GOMEZ-RIVERO (21), | : |
| a/k/a Trucha, | : |
| MANUEL ZUNIGA (22), | : |
| a/k/a Bebe, | : |
| JOSE SANCHEZ-VALENCIA (23), | : |
| GEOVANY MARTINEZ-VARGAS (24), | : |
| SONIA SANCHEZ (25), | : |
| CARMEN BARBOSA MENDOZA (26), | : |
| a/k/a Maricarmen Mendoza-Cardenes, | : |
| MARIA DEL ROSARIO DIAZ-GARCIA (27), | : |
| a/k/a Chayo, | : |
| DESIREE FRAGOZA (28), | : |
| a/k/a Gorda, | : |
| TOMAR SHAW (29), | : |
| a/k/a Jay, | : |
| DAVID SANCHEZ (30), | : |
| VICTOR MANUEL ANGUIANO-GUTIERREZ (31), | : |
| a/k/a Juan Castinanda, | : |
| a/k/a Brujo, | : |
| RUDY VALENCIA (32), and | : |
| ROBERTO LOPEZ-MARTINEZ (33), | : |
| a/k/a Nicolas Sanchez. | : |

## **GOVERNMENT'S MEMORANDUM, RE: STANDING**

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, Lisa W. Tarvin and Michael V. Herskowitz, Assistant United States

Attorneys for the Northern District of Georgia, and files this Memorandum as to Standing prior to the initial pre-trial conference scheduled for August 17, 2011.

**I.**

**INTRODUCTION**

The above-styled indictment was unsealed on June 8, 2011, and superseded on June 14, 2011, charging thirty-three (33) defendants with Conspiracy to Distribute Cocaine and Marijuana, Conspiracy to Launder Money, and related substantive charges. This indictment resulted from a three-year investigation during which approximately 42 telephones were monitored pursuant to court order, and $1.36 million, 312 kilograms of cocaine and approximately 3200 pounds of marijuana were seized. Additional evidence was obtained when the indictment was unsealed, and agents conducted several searches pursuant to warrants and consent.

Here, the government anticipates that motions to suppress may be filed by defendants prior to the pretrial on August 17, 2011. Further, based on motions filed in similar cases, the government anticipates that standing[1] may be an issue. Thus, this

---

[1] The Supreme Court has found that determining a defendant's ability to challenge a search is based on the Fourth Amendment and not the concept of "standing." Rakas v. Illinois, 439 U.S. 128, 139-40 (1978). However, the government will refer to the issue as one of "standing" for ease of argument.

memorandum is filed to set forth the government's position concerning standing and its applicability to this case.

## II.

## STANDING

Fourth Amendment rights are personal, and may be asserted only by those whose constitutional rights have been violated. Rakas v. Illinois, 439 U.S. 128, 139-40 (1978). Thus, before a defendant may object to the admission of evidence against him on the ground that it was seized in violation of the Fourth Amendment, the defendant must establish that he had a "legitimate expectation of privacy" in the place searched or the property seized, commonly referred to as "standing." Id. The Court should not consider the merits of a motion to suppress until standing has been established. See United States v. Sneed, 732 F.2d 886 (11th Cir. 1984) (court may refuse defendant's request for suppression hearing and deny his motion to suppress if defendant fails to allege facts that, if proven, would require relief).

Defendants bear the burden of proving standing. See, e.g. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980) (defendant "bears the burden of proving . . . that he had a legitimate expectation of privacy"); see also United States v. Cooper, 133 F.3d 1394, 1338 (11th Cir. 1998) ("individual challenging the search bears the

burdens of proof and persuasion"). To do so, defendants must show (1) that they had an actual subjective expectation of privacy in the location; and (2) that their subjective expectation of privacy was one society is prepared to accept as reasonable. Smith v. Maryland, 442 U.S. 735, 740 (1979).

There is no bright-line rule for determining standing to contest a search. Rather, the Supreme Court has pointed to various factors to assess whether an individual has an expectation of privacy that society is prepared to accept as reasonable: the intention of the Framers of the Fourth Amendment, the individual's use of the location, the "societal understanding that certain areas deserve the most scrupulous protection from government invasion." O'Connor v. Ortega, 480 U.S. 709, 714 (1987).

    a.    Standing in Wiretap Cases

Under the wiretap statute, only an "aggrieved person" may move to suppress the wiretap evidence. 18 U.S.C. § 2518(10)(a). A person is "aggrieved" if he "was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). "To have standing, a defendant must show: (1) he was a party to the communication, (2) the wiretap efforts were directed at him, or (3) the interception took place on his premises." United

States v. Flores, No.1:05-CR-558-WSD-JFK, 2007 WL 2904109, *2 (N.D. Ga. Sept. 27, 2007)(unpublished), adopted at 2007 WL 2904109, at *17, quoting United States v. Faulkner, 439 F.3d 1221, 1223 (10th Cir. 2006)(internal quotations omitted). The standard used to determine whether a defendant is an "aggrieved person" is the same as that employed to evaluate other Fourth Amendment claims. See Alderman v. United States, 394 U.S. 165, 176 n.9 (1969). Thus, like other Fourth Amendment claims, defendant bears the burden of establishing his standing. See, e.g., United States v. Cooper, 133 F.3d 1394, 1338 (11th Cir. 1998) ("individual challenging the search bears the burdens of proof and persuasion"); Flores, 2007 WL 2904109, at *2 (explaining that "defendant has the burden of proof of showing standing under the Fourth Amendment standard" prior to challenging wiretap). See also Id., 2007 WL 2904109, at *17 ("The court has not been directed to any other evidence in the record, and it is Defendants' burden not the court's or the Government's to make the necessary showing [] of establishing standing . . . in order to attack the wiretap orders in this case."). Moreover, "[s]tanding is not conferred on co-conspirators or co-defendants who are not parties to or targets of the intercepted communications, merely because they are implicated by the evidence obtained during the surveillance." Id., 2007 WL

2904109, at *2, relying on United States v. Fredericks, 586 F.2d 470, 480 (5th Cir. 1978).

    b.    <u>Standing to Contest Searches of Locations</u>

With respect to locations, the Court has recognized that individuals other than a homeowner may have standing to contest the search of a residence. For example, an overnight social guest has a reasonable expectation of privacy in the host's home. Minnesota v. Olson, 495 U.S. 91 (1990). The reason has nothing to do with the "magical" stroke of midnight, but rather in the longstanding social customs associated in staying overnight at someone else's home:

> To hold that an overnight guest has a legitimate expectation of privacy in his host's home merely recognizes the every day expectations of privacy that we all share. Staying overnight in another's home is a longstanding social custom that serves functions recognized as valuable by society. . . . From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside.

Olson, 495 U.S. at 98-99. Thus, the reasonable expectation of privacy comes from the norms of being a sojourning social guest, not simply being at the residence after midnight.[2]

On the other end of the spectrum is the individual who is merely legitimately on the premises with the consent of the owner. See Minnesota v. Carter, 525 U.S. 83, 91 (1998). Without showing a stronger connection to the property, such individual lacks a sufficient expectation of privacy for which he may contest a search. Id.; Rakas, 439 U.S. 141-48.

Falling somewhere in the middle, the Court has recognized that an employee may have a legitimate expectation of privacy in her workplace because an expectation of privacy against police intrusion in one's place of work "is 'based upon societal expectations that have deep roots in the history of the [Fourth] Amendment.'" O'Connor, 480 U.S. at 716 (quoting Oliver v. United States, 466 U.S. 170, 178 n.8 (1984)). However, an expectation of privacy in a commercial premises is different from –- and less than -– the expectation of privacy in a home. Carter, 525 U.S. at 91.

---

[2] Indeed, the Eleventh Circuit has suggested that, where defendants were using a hotel room predominately to engage in the commercial activity of drug trafficking, they would likely lack standing to contest the search of the hotel room even if they were there overnight. United States v. Cooper, 203 F.3d 1279, 1285 n.3 (11th Cir. 2000) (dicta).

In all cases involving searches, the Supreme Court has scrupulously adhered to the standing requirement because the Fourth Amendment's exclusionary rule comes at a high price -- an imposition on the judge's and jury's truth-finding function. See Alderman, 394 U.S. at 174-76; see also United States v. Salvucci, 448 U.S. 83, 95 (1980) ("We are unwilling to tolerate the exclusion of probative evidence under such circumstances since we adhere to the view of Alderman that the values of the Fourth Amendment are preserved by a rule which limits the availability of the exclusionary rule to defendants who have been subjected to a violation of their Fourth Amendment rights."). Thus, standing "'is a threshold'" requirement which defendants must demonstrate before the government may be put to its burden of proving the validity of the search. See United States v. Singleton, 987 F.2d 1444, 1449 (9th Cir. 1993) (quoting United States v. Cruz-Jimenez, 894 F.2d 1, 5 (1st Cir. 1990)).

In order to show standing, defendants must set forth definite, specific and detailed facts sufficient "to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985); see also United States v. Armenta, 69 F.3d 304, 308 (9th Cir. 1995) (defendant's "bald assertion that he was an overnight guest . . . is not sufficient to establish that he had

a legitimate expectation of privacy") (citing United States v. Carr, 939 F.2d 1442, 1445-46 (10th Cir. 1991)); United States v. Randle, 966 F.2d 1209, 1212 (7th Cir. 1992) ("vague, conclusory allegations" are insufficient to establish standing). Defendants may not simply rely on the government's theory of the case. Singleton, 987 F.2d at 1449 (holding that defendant could not challenge search relying on government's theory of case). Nor can they simply refer to the reports the government produced in discovery. See United States v. Lewis ___ F. Supp. 2d ___, 2007 WL 2996347, *1 (S.D. Ala. 2007) (slip opinion) (holding that defendant's assertion that "law enforcement reports indicate[d] that the defendant's mother gave the defendant permission to use her vehicle" was insufficient to show that defendant had such permission, because defendant had not affirmatively alleged facts in support of his motion).

One way a defendant may affirmatively set forth facts to establish standing is through his/her own testimony. If a defendant chooses to testify, he/she is protected with "a form of 'use immunity'" that precludes the government from using their testimony in its case-in-chief against them. See United States v. Simmons, 390 U.S. 377, 394 (1968); see also United States v. Salvucci, 448 U.S. 83, 90 (1980) (referring to the protection afforded by Simmons as "a form of 'use immunity'").

Alternatively, a defendant may call government agents to testify consistently with the reports produced in discovery. Assuming that a defendant complies with the Code of Federal Regulations and obtains the necessary approvals, the government agrees that a defendant may do so. Also, a defendant may not rely on the government's witnesses, instead of their own testimony, in an effort to allege standing "for the purposes of motion [to suppress] only[,]" while trying to preserve his/her ability to argue later that he/she had no connection to the places searched. See United States v. Bell, 218 Fed. Appx. 885, 895 (11th Cir.) (unpublished opinion), cert. denied 128 S. Ct. 95 (2007) (defendant could not adopt government's evidence "for the limited purpose of establishing standing[,]" while simultaneously challenging validity of same evidence). As the proponent of the evidence, a defendant may offer the testimony of the government agents only if he/she believes the testimony to be true. See, e.g., United States v. Havens, 446 U.S. 620, 626 (1980) (defendants have no right to testify falsely at trial); see also State Bar Ethical Rule 3.3 (lawyer may only present information to the court that he or she knows is true, or believes to be true based on reasonably diligent inquiry). A defendant simply has no right to present

evidence –- whether by his/her own testimony or by the testimony of government agents –- in order to secure a court order, and later seek an advantage "based on a premise directly opposite to" the sworn testimony they previously presented. See Simmons, 390 U.S. 398-99 (Black, J., dissenting).

To assist the Court and counsel at the scheduled pretrial conference, the government has prepared a chart to identify any searches and/or statements, and thus, possible suppression issues as to each defendant arrested to date.[3] In the chart, the following information will be provided: (1) whether or not a defendant was the user/subscriber of a wiretapped telephone or in the alternative, was intercepted over a wiretapped telephone(s); (2) whether or not a search warrant was executed at a defendant's residence, and/or there was a warrantless search of a defendant's residence and/or vehicle, and/or there was a consent search of person or property; and (3) whether or not the defendant was informed of Miranda and/or gave a post-arrest

---

[3]The chart will be provided to the Court and counsel prior to the pretrial conference.

statement to law enforcement. The fact that the government has identified these issues is not a concession that standing exists with respect to any search and/or statement associated with any defendant. As such, the defendant is in no way relieved of his/her burden under the law.

This 1st day of August, 2011.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ *Lisa W. Tarvin*
LISA W. TARVIN
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6000
Fax 404/581-6171
Georgia Bar No. 574960

## CERTIFICATE OF SERVICE

I hereby certify that the above was prepared using Times New Roman 14-point font, and that I have caused a copy of the foregoing GOVERNMENT'S MEMORANDUM, RE: STANDING to be electronically filed with the Clerk of Court using the CM/ECF system and thereby served on all counsel of record.

This 1st day of August, 2011.

/s/ *Lisa W. Tarvin*
LISA W. TARVIN
ASSISTANT U. S. ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, Georgia 30335
404/581-6000
404/581-6171 fax