IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | CRIM. NO.: 1:11-CR-239-23-CAP |
| v. | : | |
| JOSE SANCHEZ-VALENCIA, | : | |
| Defendant. | : | |

## MOTION TO SUPPRESS EVIDENCE

Pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, Defendant hereby moves this Court to suppress all evidence obtained as a result of the unlawful search of his residence and shows the following:

On June 3, 2010, Special Agent Michael Moon of the Henry County Police Department was conducting surveillance of the Defendant's residence at 173 Willow Springs Lane in Stockbridge, Georgia. Agent Moon observed the Defendant and Manuel Zuniga sitting in a vehicle that was parked on the premises. Agent Moon, along with other officers, approached the Defendant and Zuniga and asked for consent to search the house. The Defendant and Zuniga refused to give the officers consent to search.

The officers proceeded to enter the residence and conducted a full search of the house without a warrant. During the warrantless search, the officers discovered

1

marijuana inside of the residence. After discovering the marijuana, the officers applied for and obtained Search Warrant 2010-85SW from the Henry County Magistrate Court.

The affidavit submitted in support of the search warrant was based primarily on the evidence that was just discovered by the officers during the warrantless search of the house.

In the affidavit, it was also claimed that on April 5, 2010 the officers had received information from a "*reliable source*" that a certain Toyota Tacoma was "*possibly*" involved in transporting large quantities of marijuana to several residences in Henry County. There were no facts contained in the affidavit to establish the reliability or veracity of the unnamed informant. The affidavit stated that the officers observed the vehicle parked at the Defendant's residence on May 25, 2010.

In the affidavit, it was also stated that the officers conducted a trash pull at the residence on June 1, 2010. It was stated that inside the trash the officers discovered a single "*compressed marijuana bud.*" There were no other items constituting evidence of marijuana trafficking found inside the trash.

It was also stated in the affidavit that while questioning the Defendant and Zuniga, one of the officers "*observed the smell of raw marijuana coming from the*

2

*house.*" The officers have testified previously in another case that they smelled raw marijuana but could not determine the source of the odor.

The officers then executed the search warrant and removed the marijuana that was discovered earlier as well as other evidence that the Government intends to introduce at trial.

The warrantless search of the Defendant's residence was conducted in violation of the Fourth Amendment of the United States Constitution. The Defendant contends that the warrantless search was not justified by exigent circumstances nor was it a lawful protective sweep. Moreover, the Defendant contends that the alleged trash pull at his residence was also conducted in violation of the Fourth Amendment as it was conducted without a warrant and at a time when the Defendant had an expectation of privacy in the property.

The Defendant contends that the search warrant for his residence was obtained in violation of the Fourth Amendment. First, the affidavit in support of the search warrant was based primarily on the fruits of the warrantless search conducted just prior to obtaining the warrant as well as the fruits of the warrantless trash pull conducted on June 1, 2010. Without this evidence, the affidavit did not establish probable cause for the issuance of the search warrant.

The affidavit also contained information from an informant who was not

named in the affidavit and whose veracity had not been established. The affidavit further contained information that was either deliberately false, misleading and/or mistaken in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).

Based on the foregoing, the Defendant contends that he has standing to contest the searches of the residence and that all of the evidence seized pursuant to these searches should be suppressed from the trial of this case.

The Defendant reserves the right to file a supplemental brief in support of this Motion after a hearing, if applicable, but in any event prior to the Court's ruling on the Motion.

This 26th day of October, 2011.

Respectfully Submitted,

BRODY LAW FIRM

/s/ Bernard Brody
Bernard S. Brody
Georgia Bar No. 084221
400 Colony Square, Suite 1900
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361
(404) 577-9557

Attorney for Defendant
*Jose Sanchez-Valencia*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 26th day of October, 2011.

>Respectfully Submitted,
>
>BRODY LAW FIRM
>
>/s/ Bernard Brody
>Bernard S. Brody
>Georgia Bar No. 084221
>400 Colony Square, Suite 1900
>1201 Peachtree Street, N.E.
>Atlanta, Georgia 30361
>(404) 577-9557
>
>Attorney for Defendant
>*Jose Sanchez-Valencia*