IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIM. NO.: 1:11-CR-239-23-CAP |
| v. | : |
| | : |
| JOSE SANCHEZ-VALENCIA, | : |
| | : |
| Defendant. | : |

**<u>MOTION TO SEVER</u>**

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, the Defendant hereby moves this Court to sever the trial of his case from that of his co-defendants and, in support of this motion, shows the following:

The Defendant is charged in two counts of a nineteen count indictment that includes a total of 33 defendants. The indictment alleges what appear to be two separate drug conspiracies as well as several money laundering conspiracies.

In Count One of the indictment, several defendants are charged with conspiring to distribute over five kilograms of cocaine between June 2009 and June 14, 2011. In Count Two of the indictment, other defendants are charged with conspiring to distribute over 5 kilograms of cocaine and over 1,000 kilograms of marijuana between January 2010 and June 8, 2011.

Counts three through five allege that several of the defendants engaged in

1

three different conspiracies to commit money laundering offenses in violation of 18 U.S.C. § 1956.

Counts six through nineteen charge the defendants with various substantive counts of money laundering and drug trafficking offenses.

The Defendant is charged in Count Two of the indictment (the Conspiracy Count) as well as Count Eleven (the Substantive Count).

Although the Conspiracy Count in which the Defendant is charged encompasses allegations of distributing over 1,000 pounds of marijuana and over 5 kilograms of cocaine between January 2010 and June 8, 2011, the only evidence in the case with respect to the Defendant is that he allegedly possessed less than 1000 kilograms of marijuana on June 3, 2010. The Defendant was arrested on that day and has been in custody ever since. This conduct is properly set out in Count Eleven of the indictment.

Thus, there is no evidence that the Defendant was involved in a conspiracy to distribute cocaine, a conspiracy to commit money laundering offenses or that he was involved in any illegal activity between June 4, 2010 and June 8, 2011.

ARGUMENT AND CITATIONS OF AUTHORITY

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment…appears to prejudice a defendant…the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The Defendant contends that if he is required to stand trial with the other 32 co-defendants in this case, he will be unduly prejudiced. First, since he is charged with participating in a very small amount of the criminal activity, there is an overwhelming amount of evidence that will be introduced at trial that have no relevance whatsoever to the Defendant's charges. As a result, there is a great risk of a prejudicial spillover effect that may prevent the jury from sifting through the evidence to make an individualized determination as to the Defendant's guilt or innocence.

In assessing the prejudice which the defendant may suffer, the Court should consider whether the jury will be able to individualize the defendant in relation to the mass. *United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997). Where the charges against the defendant are of an entirely different nature from those against the co-defendants, it may be an abuse of discretion to deny the motion to sever. *United States v. McLain*, 823 F.2d 1457 (11th Cir. 1987).

In *United States v. Pedrick*, 181 F.3d 1264 (11th Cir. 1999), a case very similar to the Defendant's, the Court held that the defendant suffered compelling spillover prejudice by being tried with her co-defendant since the vast majority of the evidence did not apply to her and, as the Court noted, the defendant "was not in the same league" as her co-defendant.

The Defendant reserves the right to file a supplemental brief in support of this Motion after a hearing, if applicable, but in any event prior to the Court's ruling on the Motion.

This 26th day of October, 2011.

                                              Respectfully Submitted,

                                              BRODY LAW FIRM

                                              /s/ Bernard Brody
                                              Bernard S. Brody
                                              Georgia Bar No. 084221
                                              400 Colony Square, Suite 1900
                                              1201 Peachtree Street, N.E.
                                              Atlanta, Georgia 30361
                                              (404) 577-9557

                                              Attorney for Defendant
                                              *Jose Sanchez-Valencia*

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 26th day of October, 2011.

                                            Respectfully Submitted,

                                            BRODY LAW FIRM

                                            /s/ Bernard Brody
                                            Bernard S. Brody
                                            Georgia Bar No. 084221
                                            400 Colony Square, Suite 1900
                                            1201 Peachtree Street, N.E.
                                            Atlanta, Georgia 30361
                                            (404) 577-9557

                                            Attorney for Defendant
                                            *Jose Sanchez-Valencia*