IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CR-00239-CAP-ECS-31 |
| JUAN CASTINADA aka | ) | |
| VICTOR MANUEL ANGUIANO | ) | |
| GUTIERREZ | ) | |

**DEFENDANT'S MOTION TO SUPPRESS INTERCEPTED**

**COMMUNICATIONS**

COMES NOW the Defendant, VICTOR MANUEL ANGUIANO GUTIERREZ, by and through undersigned counsel, and pursuant to 18 U.S.C. § 2518(10)(a)1 moves to suppress any and all intercepted communications obtained as a result of the wiretaps utilized during the investigation of this case on "Target Telephones" (hereinafter "TT"). In support of this Motion, Defendant shows as follows:

1. 18 U.S.C. § 2518(10)(a) provides in pertinent part, as follows: Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication.

2. The Defendant was the target of Title III wiretaps and is alleged to have been using the telephone identified as TT#38. Defendant has standing to contest the

legality of any and all interceptions of wire/oral communications obtained in this case in that he is an "aggrieved" person pursuant to 18 U.S.C. § 2511, as he was the "subject of, an alleged participant in or a party to intercepted communications." See, e.g. H.Rep. No. 1549, 91st Cong. 2d Sess.; United States v Tucker, 526 F.2d 279, 282 & N. 4 (5th Cir. 1976) (a cognizable "claim" need be no more than a "mere assertion," provided that it is a positive statement that interception was illegal); United States v Pacella, 622 F.2d 640 (2d Cir. 1980); United States v Williams, 580 F.2d 578 (D.C. Cir. 1978). Defendant's rights derive from the statutory language of 18 U.S.C. § 2510(11), which reflects that in addition to those whose voices are identified on the wiretapped conversations, that "a person against whom the interception was directed" also has standing to challenge the tap. Also where the defendant is alleged to be a member of the target organization, he is sufficiently connected with that group to challenge the wiretaps used in the prosecution against him. See United States v. Scasino, 513 F.2d 47, 50 (5th Cir. 1975).

4. Because substantial questions still exist as to the need for wiretaps in light of the unexhausted success of conventional investigative techniques, Defendant requests a Franks hearing to determine the extent and potential of the information and evidence that could have been realized had the conventional investigation continued. Franks v. Delaware, 438 U.S. 154 (1978). In fact a majority of information that is obtained during the course of the conspiracy, and

a majority of interdictions occur as a result of the direct action and passing of information from cooperating sources or cooperating defendants as opposed to intelligence gleaned from electronically intercepted communications.

5. Omissions and misrepresentations under Franks apply not only to probable cause, but for exhaustion and necessity as well. United States v. Bankston, 182 F.3d 296 (5th Cir. 1999); United States v. Ippolito, 774 F.2d 1482, 1483- 87 (9th Cir. 1985)(misstatement about informants being unable to penetrate conspiracy); United States v. Green, 175 F.3d 822 (10th Cir. 1999).

6. Defendant files this motion to suppress any evidence and/or information illegally obtained from the wiretaps and Global Positioning devices one of which was attached to a vehicle he allegedly used, a red Ford Explorer, without a warrant.

7. The linesheets for the defendant given the wiretap on his phone amount to over 700 phone calls. Although the government will contend that many of the defendants conversations are in code, the fact is that a large majority of the defendant's calls are to his family in Mexico or to friends either here or in Mexico and are purely social.

WHEREFORE, Defendant moves this Court: (a)To suppress the use of any and all evidence obtained as a result of the wiretaps utilized in this case and the fruits thereof, Wong Sun v. United States, 371 U.S. 471 (1963), as they were obtained contrary to the provisions of 18 U.S.C. § 2510 *et seq*.; or, (b) To set a date for a

hearing where the government can attempt to establish how they exhausted the conventional means of investigation available to them before seeking authority to utilize wiretaps in the investigation of this case.

Dated: This the 4th day of November, 2011.

Respectfully submitted,

s/ *James R. Hodes*
JAMES R. HODES
GEORGIA STATE BAR NO. 358647
ATTORNEY FOR DEFENDANT

1841 Peeler Road, Suite C
Atlanta, Georgia 30338
678-681-9684

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

        Lisa Tarvin
        Assistant United States Attorney
        600 Richard B. Russell Building
        75 Spring Street, S. W.
        Atlanta, Georgia  30303

Dated:  This the 4th day of November, 2011.

        s/ *James R. Hodes*
        JAMES R. HODES