UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TOMAR SHAW,

           Defendant.

CRIMINAL ACTION
NO. 1:11-CR-239-CAP-ECS-29

**O R D E R**

This matter is before the court on the defendant's motion for reconsideration of the magistrate judge's detention order [Doc. No. 589].

The defendant was arrested on June 8, 2011, on a warrant based on the indictment in this case. The superseding indictment charges the defendant with conspiracy to distribute and possess with intent to distribute controlled substances (specifically, at least one thousand kilograms of marijuana and at least five kilograms of cocaine), in violation of 21 U.S.C. §§ 841, 846.

On June 13, 2011, following a hearing, the magistrate judge entered an order of detention pending trial [Doc. No. 143]. In that order, the judge made findings that there was probable cause to believe that the defendant had committed an offense for which a maximum term of imprisonment of ten years or more is prescribed and that the defendant had not rebutted the resultant presumption -- that no condition or combination of conditions would reasonably

assure the appearance of the defendant as required and the safety of the community. [Id.]. The magistrate judge also found that there was a serious risk that the defendant would not appear and that he would endanger the safety of another person or the community, noting, "Defendant has an extensive criminal history including drug charges and drug convictions. In addition he has used 5 aliases and has been a fugitive (waived extradition)." [Id.]. Accordingly, the magistrate judge ordered the defendant to be detained pending trial. [Id.].

In the motion now before the court, the defendant argues that the government's election to exercise its right to appeal this court's order suppressing certain evidence threatens to violate his due process right, since this case cannot be tried until the Eleventh Circuit rules on the appeal and remands the case [Doc. No. 589].

The court held a hearing on the defendant's motion on May 3, 2012. There, counsel for the defendant stipulated to the correctness of the presumption that no combination of conditions could reasonably assure the appearance of the defendant and the safety of the community. See also 18 U.S.C. § 3142. Instead, he principally argued the defendant has already been detained prior to trial (eleven months), in addition to the time this case will be on

appeal,[1] will become punitive and violative of the defendant's rights. The defendant also argued that his record shows little or no criminal activity since approximately 2003. The defendant suggested he should be placed in a halfway house and be subjected to a bond of $50,000 - $100,000 and GPS tracking.

The government reiterated the extent of the defendant's criminal record and evidence to support the proposition that he is a flight risk. The government referred to at least ten aliases the defendant has used and suggested that he has fled justice before.

### ANALYSIS

"At some point, the length of pretrial detention raises due process concerns." United States v. Daniels, No. 06-20234, 2008 WL 324113 at *3 (E.D. Mich. 2008). In the absence of binding authority cited by the defendant or the government, the court is persuaded by the analysis prescribed by the Fifth Circuit in case similar to this one:

> [T]he due-process limit on the duration of preventive detention requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement. In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision,

---

[1] Defendant's Exhibit 1, a statistical analysis of the median time intervals for appeals of certain types, suggests that this case falls into the "Criminal Appeals" category, whose median time on appeal exceeds nine months.

3

> such as the seriousness of the charges, the strength of
> the government's proof that the defendant poses a risk of
> flight or a danger to the community, and the strength of
> the government's case on the merits, but also additional
> factors such as the length of the detention that has in
> fact occurred or may occur in the future, the
> non-speculative nature of future detention, the
> complexity of the case, and whether the strategy of one
> side or the other occasions the delay.

United States v. Hare, 873 F.2d 796, 801 (5th Cir. 1989).

Turning to this analysis, the first group of factors -- those relevant in the initial detention decision -- all weigh heavily in favor of continued detention. The charges here are very serious: they involve drug trafficking and carry a penalty of ten years to life. The government has presented strong and persuasive evidence that the defendant poses a flight risk and a danger to the community, including his previous fugitive status, use of aliases, and drug convictions.[2] The strength of the government's case on the merits is less clear at this point than the previous factors, but the court believes the evidence of the defendant's involvement in the underlying conspiracy gained from duly authorized wiretaps on his phone is substantial.

---

[2] The court notes that, although the defendant presented rebuttal evidence on this point at the May 3 hearing, this factor is still properly weighed as a part of the overall due process analysis. See Hare, 873 F.2d at 798-99.

4

The additional factors enumerated by the <u>Hare</u> court also, as a group, weigh in favor of continued detention. The length of detention at this juncture is a concern. Nevertheless, the principal evidence relied on by the defendant actually weighs in favor of continued detention under the second factor, the non-speculative nature of future detention. While the median duration of cases falling into the "Criminal Appeals" category in the Eleventh Circuit is over nine months, this fact means that half of the appeals are shorter. Moreover, the court's analysis of the defendant's exhibit indicates that the "Criminal Appeals" category includes all appeals -- including from final dispositions of cases. The appeal in this case revolves around a single issue and may well take less time. Accordingly, the length of the defendant's future pretrial detention is substantially speculative. The third factor weighs in favor of continued detention as well: this is complex drug conspiracy case involving 33 defendants. The final factor is a wash: although the government's strategy of appeal has occasioned the complained-of delay, the appeal is non-frivolous, and there is no indication that it is taken in bad faith or to punish the defendant.

**CONCLUSION**

The court finds that no combination of conditions of bail -- especially the combination suggested by the defendant -- would reasonably assure his appearance and the safety of the community. Additionally, the relevant due-process factors favor the continued detention of the defendant at this time. Accordingly, the defendant's motion for reconsideration [Doc. No. 589] is DENIED.

The court hereby directs the defendant to remain in the custody of the Attorney General and be confined apart from persons awaiting sentence, serving sentence, or held in custody pending appeal. Additionally, the defendant shall be given the opportunity to consult with his attorney during his detention. Finally, the defendant shall be delivered to the United States Marshal's Service for appearance at all court proceedings.

SO ORDERED, this <u>8th</u> day of May, 2012.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge