IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | |
| | : | 1:11-CR-239-CAP-ECS |
| ADRIAN MARTINEZ-MONTANEZ, et al., | : | |
| Defendants. | : | |

## STIPULATED SETTLEMENT AGREEMENT

The United States of America ("United States") and Kia Motors Finance Company ("Kia") hereby enter into this Stipulated Settlement Agreement ("Settlement Agreement"). The parties hereby stipulate and agree to compromise and settle Kia's interest in a 2011 Kia Sorento, VIN 5XYKU4A26BG001591 ("Vehicle"). The United States and Kia desire to reach a full and final settlement of all claims arising out of this forfeiture action without the need for further legal action.

This Settlement Agreement is entered into by the parties pursuant to the following terms:

1. The United States and the Kia agree, understand, and acknowledge that none of the parties to this Settlement Agreement admit or acknowledge any liability whatsoever

1.

to the other and, further, that the parties specifically and expressly deny any such liability. Neither this Settlement Agreement nor any payment hereunder is to be construed as an admission of liability by either party.

2. The parties stipulate that Kia has a vested interest in the Vehicle by virtue of a finance contract between Kia and Yaneth V. Villada and a lien securing Kia's loan, which as of March 12, 2013, has an outstanding principal balance in the amount of $6,788.59, plus interest accruing at a rate of $0.00 per diem thereafter.

3. The United States agrees that upon entry of a final order and judgment of forfeiture in the instant case wherein the Vehicle is ordered forfeited to the United States, the United States will cause the Vehicle to be sold in a commercially reasonable manner for a price that will satisfy any and all liens, including but not limited to Kia's lien, as well as all of the sale and administrative expenses associated with marketing and selling the Vehicle.

4. Upon receipt and verification of the payment outlined in paragraph 2 above, Kia agrees to cancel its lien on title to the Vehicle. Kia agrees to execute further documents,

to the extent necessary, to convey clear title or ownership of the Vehicle to the United States or a third party purchaser and to further implement the terms of this Settlement Agreement.

5. Kia agrees not to pursue against the United States any other rights that it may have under its aforementioned finance contract and security agreement.

6. The terms of this Settlement Agreement are contingent upon the forfeiture of the Vehicle to the United States and the Court's entry of a final order and judgment of forfeiture in the instant case.

7. Kia understands and agrees that by entering into this Settlement Agreement of its interest in the Vehicle, Kia waives any right to further litigate its interest in the Vehicle or to petition for remission or mitigation of the forfeiture. Thereafter, unless specifically directed by an Order of this Court, Kia shall be excused and relieved from further participation in this action.

8. Kia understands and agrees that the United States reserves the right to release the Vehicle to Kia in the event that the outstanding balance owed to Kia and any other lien-holders is greater than the value of the Vehicle. A

discretionary termination of the forfeiture must not be a basis for any award for fees or costs.

9. Kia understands, acknowledges, and agrees to hold harmless and indemnify the United States, and any agents, servants, and employees of the United States, including, but not limited to any involved State or local law enforcement agencies and their agents, servants, or employees, the United States Department of Justice, the United States Attorney's Office for the Northern District of Georgia, and the United States Department of Treasury, from any and all claims by Kia and its officers, directors, shareholders, agents, servants, employees, successors, parent corporations, subsidiaries, divisions, attorneys, successors and assigns that currently exist or that may arise as a result of the Government's actions against and relating to the Vehicle.

10. Kia acknowledges and understands the provisions of this Settlement Agreement and their legal effect, and that Kia has entered into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

11. The United States and Kia agree that each party is

4.

responsible for its own attorney's fees and expenses.

12. Payments related to this Settlement Agreement are subject to offset pursuant to the Treasury Offset Program. Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and certain other debts owed to individual states, including delinquent child support. The IRS also levies disbursing officials to collect delinquent tax debts. Agencies submitting debts for collection by offset or levy send due process notification to the last known address prior to submission. If a payment to be made to Kia is reduced to collect a debt, the Department of Treasury will send a notice to Kia at the last address provided by Kia to the governmental agency or entity to whom the offset payment is made. If Kia believes that its payment may be subject to an offset, Kia may contact the Treasury Department at 1-800-304-3107.

13. This Settlement Agreement constitutes the entire understanding between the parties hereto concerning the settlement of these ancillary proceedings and shall have no effect on any criminal or tax-related action that has

been or may be brought against Kia or anyone else as a result of the facts and circumstances giving rise to the seizure. No promise or representation that is not expressly set forth herein has been made to Kia to obtain Kia's consent to this Settlement Agreement.

14. The terms of this Settlement Agreement shall be binding upon and are for the benefit of the parties hereto and their respective heirs, executors, administrators, representatives, successors or assigns.

15. This Settlement Agreement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same Settlement Agreement.

This 30th day of May, 2013.

| PREPARED BY: | AGREED TO BY: |
|---|---|
| SALLY QUILLIAN YATES<br>UNITED STATES ATTORNEY<br><br>*/s/ Michael J. Brown*<br>MICHAEL J. BROWN<br>ASSISTANT U.S. ATTORNEY<br>GEORGIA BAR NO. 064437<br>75 SPRING ST, S.W., SUITE 600<br>ATLANTA, GEORGIA 30303<br>(404) 581-6131 (PHONE)<br>Michael.J.Brown2@usdoj.gov | KIA MOTORS FINANCE COMPANY<br><br>BY: *[signature]*<br>ITS: Sr. Recovery Specialist<br><br>210 COMMERCE STE. 110<br>IRVINE, CA 92602<br>(714) 369-1580 (PHONE)<br>KClagett@hcamerica.com |

6.