```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF GEORGIA
              ATLANTA DIVISION
```

| | | |
|---|---|---|
| ADRIAN MARTINEZ-MONTANEZ, | : | MOTION TO VACATE |
| BOP No. 22993-171, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:14-CV-1456-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:11-CR-239-1-CAP-ECS |

### ORDER

Federal inmate Adrian Martinez-Montanez has filed a § 2255 motion in which he alleges that "he told his attorney . . . he would like to appeal." [Doc. No. 855 at 7]. Mr. Martinez-Montanez's former attorney, Howard J. Manchel, has filed an affidavit in which he responds that he "would not have ignored [a] request to file an appeal and [has] no memory of Mr. Martinez requesting either by telephone or mail that [he] file an appeal." [Doc. No. 890 at 1]. The government acknowledges that "a limited evidentiary hearing wherein Montanez's counsel . . . shall be called to testify is required in order to resolve Montanez's claim of ineffective assistance of counsel . . . ." [Doc. No. 876 at 10].

Accordingly, the undersigned hereby **ORDERS** that an evidentiary hearing be scheduled to hear testimony and take other evidence <u>solely</u> with respect to Mr. Martinez-Montanez's claim that he told his attorney he would like to appeal.

The undersigned notes that Mr. Martinez-Montanez previously qualified to have counsel appointed and hereby **APPOINTS Colette Resnik Steel** to serve as Mr. Martinez-Montanez's counsel at the evidentiary hearing. See 28 U.S.C. foll. § 2255, Rule 8(c).

As the United States Supreme Court noted in its seminal decision regarding ineffective assistance of counsel claims, "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions." Strickland v. Washington, 466 U.S. 668, 691 (1984). Circuit courts, including the United States Court of Appeals for the Eleventh Circuit, have since made it explicit that a habeas petitioner raising an ineffective assistance of counsel claim waives attorney-client privilege. See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (collecting cases). "Although the precise boundaries of the waiver will vary from case to case, . . . there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances." Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001).

Thus, Mr. Manchel is advised that he may discuss all aspects of his work for Mr. Martinez-Montanez insofar as relevant to the

AO 72A
(Rev.8/82)

claim he did not file an appeal on behalf of Mr. Martinez-Montanez, both in advance of and at the evidentiary hearing.

Counsel for the parties and Mr. Manchel are **ORDERED** to contact the Court **WITHIN FOURTEEN (14) DAYS** of the date of this Order to schedule a mutually-convenient date for the evidentiary hearing.

The Clerk is **DIRECTED** to transmit a copy of this Order to Mr. Manchel, as well as to the parties.

**SO ORDERED**, this 13th day of January, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)