IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America

   *versus*

Carlos Antonio Morales

Criminal Action Number
1:11-CR-239-CAP-ECS

## Preliminary Motion to Suppress Evidence
## Seized Pursuant to Title III Intercepts

COMES NOW Carlos Antonio Morales, by and through undersigned counsel and pursuant to 18 U.S.C. § 2518(10)(a) moves to suppress any and all intercepted communications obtained as a result of the wiretaps utilized during the investigation of this case on various "target telephones. In support of this preliminary motion, Mr. Morales shows the Court the following:

1.    Standing

The Defendant has standing to contest the legality of any and all interceptions of wire/oral communications obtained in this case as the Government alleges that Mr. Morales's voice has been captured on their recordings from Title III wiretaps and also that Mr. Morales was one of the targets of the wiretaps. Therefore, the Defendant is an "aggrieved" person pursuant to 18 U.S.C. § 2511 because he was the either the "subject of, an alleged participant in or a party to intercepted communications." See, e.g. H.Rep. No. 1549, 91st Cong. 2d Sess.; *United States v*

*Tucker*, 526 F.2d 279, 282 & N. 4 (5th Cir. 1976) (a cognizable "claim" need be no more than a "mere assertion," provided that it is a positive statement that interception was illegal); *United States v Pacella*, 622 F.2d 640 (2d Cir. 1980); *United States v Williams*, 580 F.2d 578 (D.C. Cir. 1978).

The Defendant's standing is also derived from the statutory language of 18 U.S.C. § 2510(11). In addition to those whose voices are identified on the wiretapped conversations, "a person against whom the interception was directed" also has standing to challenge the wiretap.

2.   Time Needed to Perfect the Motion

This case was brought in 2011. Mr. Morales appears before the Court after many of the defendants have already been brought before the Court and litigated their defenses. The discovery in the case was voluminous and will require additional time for counsel to come up to speed in order to analyze the grounds to bring this motion. We would ask that the Court grant additional time for counsel to review the discovery and consider the grounds for this motion.

## CONCLUSION

**WHEREFORE** we pray that the Court will accept this preliminary motion and allow additional time to perfect the grounds for a Title III wiretap.

Respectfully submitted this 15th day of June, 2015.

*V. Natasha Perdew Silas*
Georgia Bar Number 571970
Attorney for Mr. Morales

FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

## CERTIFICATE OF ELECTRONIC FILING

This is to certify that I have this day electronically filed the foregoing pleading on the ECF system. I expect that the system will perfect service upon the Government in the person of Lisa Tarvin, Esquire.

This 15th day of June, 2015.

*V. Natasha Perdew Silas*